IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | No. 12-10089-22-MLB |
| | ) | |
| HERNAN QUEZADA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on the government's motion to revoke the magistrate's order of release. (Doc. 172). The court held an evidentiary hearing on May 23, 2012. The government's motion is denied and Magistrate Judge Kenneth Gale's order granting bond is affirmed, with conditions, for the reasons herein.

**Procedural History**

On April 16, 2012, pursuant to 18 U.S.C. § 1959(a)(5), defendant was indited on a single count of a violent crime in aid of racketeering. Charges stemming from the same conduct are currently pending in Ford County, Kansas. Defendant is presently in state custody on a Ford County $50,000 bond. On May 22, 2012, Magistrate Judge Gale held a detention hearing in this case. The government moved for detention pursuant to 18 U.S.C. § 3142(e). Magistrate Judge Gale denied the government's motion, but stayed the Order of Release for twenty-four hours. That same day, Magistrate Judge Gale issued an order setting forth the conditions for defendant's release and the government moved to revoke the magistrate's order. This court held an evidentiary hearing on May 23. Both the government and defendant

made certain proffers during the hearing.

## Legal Standard

Pursuant to 18 U.S.C. § 3145(a)(1), the government may seek review of a magistrate judge's order of release. The district court's review of a magistrate judge's order of release is de novo. United States v. Cisneros, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). A de novo evidentiary hearing, however, is not required. The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted. United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991). The Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f). The Court may allow the parties to present information by proffer or it may insist on direct testimony. See id.

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the court must take into account the available information concerning

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-

-2-

>    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>    (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act also provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with an offense under section 924(c) of title 18 of the United States Code. See 18 U.S.C. § 3142(e). "A grand jury indictment provides the probable cause required by the statute to trigger the presumption." United States v. Carlos, 777 F. Supp. 858, 860 (D. Kan. 1991)(citing United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990)). The grand jury indictment in this case charges defendant with possession and discharging a firearm in furtherance of a crime of violence, and thus raises the rebuttable presumptions of risk of flight and danger to the community. Id.

The burden of production on defendant to overcome the presumption is not a heavy one, but defendant must produce some evidence. Stricklin, 932 F.2d at 1354-55. Even if defendant overcomes the presumption, the presumption remains a factor in the Court's detention decision. Id. The burden of proof remains with the government to show that no condition or combination of conditions

-3-

would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002)(burden of persuasion regarding risk of flight and danger to community always remains with government). The government must prove dangerousness to any other person or the community by clear and convincing evidence. Id. at 1252.

## Analysis

### A. Nature And Circumstances Of The Offense

During the hearing, the government informed the court that the racketeering count charged is a violent crime, thereby triggering the rebuttable presumption for detention. This factor favors detention.

### B. Weight Of The Evidence

During the hearing, the government proffered evidence of events which occurred on February 5, 2012, in Dodge City, Kansas. The government contends that defendant had a beer bottle and broke it over the head of Reyes Bocanegra. Bocanegra and his brother provided assistance to the government with its investigation of the Nortenos gang. The government asserts that defendant is a member of the Nortenos gang and that the assault was performed with the intention of intimidating witnesses.

This factor therefore favors detention.

### C. History And Characteristics Of Defendant

Defendant is not married and has been unemployed since 2010. Most of defendant's family reside in Wichita, Kansas. If released, defendant will live with his parents in Wichita. Defendant's father would assist defendant in obtaining a construction job upon release.

Defendant is a United States citizen and has been living in Dodge City for approximately ten years.

Defendant has a criminal record. However, the majority of defendant's charges were ultimately dismissed. Defendant's past convictions include an aggravated battery, possession of marijuana and disorderly conduct. Defendant was sentenced to probation but it was revoked after he failed to appear for a hearing. Defendant was then sentenced to four months in prison. Defendant's current state charges stem from the assault which is the subject of this indictment.

Defendant's family ties to Kansas suggest that he is not a flight risk.

**D. Danger To The Community**

Before releasing defendant on any set of conditions, the Court must be satisfied that defendant will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). The government has not met its burden to show by clear and convincing evidence that defendant would pose a risk of physical danger to the community.

Turning to defendant's criminal history, the court finds that the criminal charges are not significant. With the exception of the current charge, defendant's criminal history all occurred while he was a juvenile. While defendant's current charges are serious in nature, the court believes that restricting defendant to Sedgwick County will alleviate the risk that defendant come into contact with the victim and other witnesses in the Dodge City area.

## Conclusion

Based upon the evidence proffered at the hearing and the record before the court, the court finds that defendant has met his burden

to rebut the presumption that there are no conditions of release which will ensure the safety of the community.  In order to satisfy the court that defendant will return for further proceedings in this case, defendant must post a surety bond with the clerk's office in the amount of $50,000 as an additional condition of his release. Defendant must reside in Wichita with his parents and may not travel outside of the Sedgwick County area unless he is scheduled for a court appearance in Ford County.  Prior to any hearing in Ford County, defendant must inform the probation officer of his travel plans.  All other requirements set forth in Magistrate Gale's order setting conditions of release must also be complied with.

    The government's motion is accordingly denied. (Doc. 172).  It is ordered that defendant be released pending trial on the conditions set forth above.

    IT IS SO ORDERED.

    Dated this 23rd   day of May 2012, at Wichita, Kansas.

    s/ Monti Belot
    Monti L. Belot
    UNITED STATES DISTRICT JUDGE